UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **GINA TORRESSO** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-7577 |
| | ) | |
| v. | ) | |
| | ) | |
| **PLS FINANCIAL SERVICES, INC.,** | ) | |
| | ) | |
| Defendant. | ) | <u>JURY DEMAND</u> |

## COMPLAINT

GINA TORRESSO, as a complaint against Defendant, states as follows:

### I. NATURE OF THE CLAIMS

1. This is an action to recover unpaid overtime wages and damages by Gina Torresso, a former Telecom Analyst II working for Defendant, a currency exchange company in Oak Brook Illinois with branches throughout the United States. Defendant denied Plaintiff the mandated overtime premium for overtime hours and required Plaintiff to work extensive unpaid hours outside regular business hours. After Plaintiff complained to Defendant about the unpaid hours of work, Defendant began paying Plaintiff an additional "stipend" every two weeks. In November 2014, Defendant terminated her employment. Plaintiff's claims arise under federal and state wage and hour statutes.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C § 1331 (federal question), 28 U.S.C. § 1337 (interstate commerce) and 29 U.S.C. § 216(b) (Fair Labor Standards Act). The Court has supplemental jurisdiction over Plaintiff's state law claims

pursuant to 28 U.S.C § 1367 because they are so closely related to the federal claims that they form part of the same case under Article III of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C § 1391(b) because Defendant is a corporation doing business in this district and a substantial part of the events and omissions at issue took place in this district.

### III. PARTIES

4. Plaintiff Gina Torresso ("Ms. Torresso") was employed from approximately October 3, 2012 until her termination on or around November 25, 2014 as a salaried Telecom Analyst II in Oak Brook, Illinois at Defendant, PLS Financial Inc.

5. On information and belief, from November 2012 through January 2014, Defendant PLS Financial, Inc. ("PLS Financial") was an Illinois corporation operating multiple currency exchange branches throughout the United States.

6. PLS Financial was an enterprise as defined in Section 3(r)(1) of the Fair Labor Standards Act, 29 U.S.C. §203(r)(1), and was an enterprise engaged in commerce or in the production of goods for commerce within meaning of Section 3(s)(1)(A) of the Fair Labor Standards Act, 29 U.S.C. §203(s)(1)(A).

7. PLS Financial was an "employer" as defined in the Fair Labor Standards Act, 29 U.S.C. §§203 and 207; the Illinois Minimum Wage Law, 820 ILCS 105/3(c); and the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

### IV. FACTUAL ALLEGATIONS

#### Defendant's failure to pay overtime wages

8. Ms. Torresso was hired by PLS Financial in November, 2012 and worked as a salaried employee in the position of Telecom Analyst II, at the Oakbrook, Illinois office of PLS Financial.

9. While employed at PLS Financial, Ms. Torresso worked many hours of overtime at home providing "after hours support" to branch locations of PLS Financial.

10. In or about March 2014, after Ms. Torresso complained about not getting paid for the "after hours support," PLS Financial began paying her a regular "stipend" in addition to her normal salary.

11. While employed at PLS Financial, Ms. Torresso's regular office hours exceeded 40 hours per week.

12. While employed at PLS Financial, Ms. Torresso worked many hours of overtime at home on "projects."

13. PLS Financial failed to pay for the overtime hours, and failed to pay the overtime premium wages for Ms. Torresso's hours worked in excess of 40 in a single workweek.

## COUNT I
### Fair Labor Standards Act, 29 U.S.C. §207
### Overtime Pay

14. Plaintiff incorporates by reference the preceding paragraphs alleged above.

15. By failing to pay Plaintiff, a non-exempt salaried employee, one and one-half times her regular rate of pay for all hours worked in excess of 40 in a single workweek, Defendant violated 29 U.S.C. §207.

16. Defendant's violations of 29 U.S.C. §207 were willful.

WHEREFORE, Plaintiff prays that this Court:

A. Enter judgment in Plaintiff's favor and against Defendant on Count I;

B. Award Plaintiff an amount equal to her unpaid overtime compensation plus an additional and equal amount as liquidated damages;

C. Award Plaintiff pre- and post-judgment interest on the unpaid overtime wages;

D. Order Defendant to pay the costs of bringing this action including reasonable attorney's fees; and

E. Grant such other and further relief as the Court deems just and proper.

## COUNT II
### Illinois Minimum Wage law, 820 ILCS 105/4a
### Overtime Pay

17. Plaintiff incorporates by reference the preceding paragraphs alleged above.

18. By failing to pay Plaintiff, a non-exempt hourly employee, one and one-half times her regular rate of pay for all hours worked in excess of 40 in a single workweek, Defendant violated 820 ILCS 105/4a.

19. Defendant violated the Illinois Minimum Wage Law recordkeeping regulations at 56 Ill. Admin Code §210.700 by failing to keep and maintain complete and accurate records of Plaintiff's hours worked and weekly straight-time and premium overtime wages earned.

WHEREFORE, Plaintiff prays that this Court:

A. Enter judgment in Plaintiff's favor and against Defendant on Count II;

B. Award Plaintiff an amount equal to her unpaid overtime compensation plus a penalty in the amount of 2% of the unpaid overtime wages per month for the length of the violation, 820 ILCS 105/12;

C. Award Plaintiff pre-and post- judgment interest on the unpaid wages;

D. Order Defendant to pay the costs of bringing this action including reasonable attorney's fees; and

E. Grant such other and further relief as the Court deems just and proper.

## COUNT III
### Illinois Wage Payment and Collection Act, 829 ILCS 115/3 and 115/5
### Wage Theft

20. Plaintiff incorporates by reference the preceding paragraphs alleged above.

21. Through their actions described above, Defendant failed to pay Plaintiff all of her earned wages and final compensation in violation of 820 ILCS 115/3 and 115/5.

WHEREFORE, Plaintiff prays that this Court:

A. Enter judgment in Plaintiff's favor and against Defendant on Count III;

B. Award Plaintiff an amount equal to her unpaid wages and final compensation plus a penalty in the amount of 2% of the unpaid overtime wages per month for the length of the violation, 820 ILCS 105/12;

C. Award Plaintiff pre- and post-judgment interest on the unpaid wages;

D. Order Defendant to pay the costs of bringing this action including reasonable attorney's fees; and

E. Grant such other and further relief as the Court deems just and proper.

### JURY DEMAND

22. Plaintiff demands trial by jury on all issues so triable.

Dated:    8/28/15                                   **GINA TORRESSO**, plaintiff

                                                                          By

/s/ Todd Hunter Thomas
Michael S. Loeffler
Mark V. Paulis
Loeffler Thomas P.C.
500 Skokie Blvd., Suite 260
Northbrook, IL 60062
(847) 498-8400
(847) 498-1999 fax
todd.thomas@lt-law.com
Attorney for Plaintiff

6